**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

OBRIAN VALENTINO HAWKS,

      Petitioner,

-vs-                                Case No.  8:13-CV-2505-T-30AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER

      Petitioner, a State of Florida inmate, filed a Petition for Writ of Habeas Corpus (hereinafter "petition") on September 25, 2013 (Dkt. 1).[1]  After reviewing the petition, the Court directed the Respondent to file a limited response addressing solely whether the petition was time-barred (see Dkt. 3).  On October 30, 2013, Respondent filed a limited response to the petition arguing that the petition is untimely and must be dismissed as time-barred (Dkt. 4).  Respondent also filed exhibits in support of the limited response/motion to dismiss (Dkt. 6).  On December 4, 2013, the Court directed Petitioner to show cause why the petition should not be dismissed as time-barred (see Dkt. 7). Petitioner filed a response to the show cause order in which he argued that the petition is not untimely, and, alternatively, that

---

[1]Although the Court received Petitioner's petition on September 27, 2013, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Petitioner placed his petition in the prison mailing system on September 25, 2013 (Dkt. 1 at p. 1).

the petition is not time-barred because he is entitled to equitable tolling of the statute of limitations period (Dkt. 9).

After carefully examining Respondent's limited response/motion to dismiss, Petitioner's response to the show cause order, the record, and the applicable law, the Court concludes that the petition is time-barred under the provisions of 28 U.S.C. § 2244(d).

## ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's state judgment was entered on June 24, 2010, and became final on July 26, 2010, upon expiration of the time for taking a timely appeal.[2] *See McGee v. State*, 684 So. 2d 241 (Fla. 2d DCA 1996) (treating judgment and sentence upon entry of plea as final when time for appeal expired); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding

---

[2]The thirtieth day fell on Saturday, July 24, 2010.  Consequently, Petitioner had until Monday, July 26, 2010, to seek direct review.

that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the 30-day time period for filing an appeal expires). Thus, his AEDPA limitation period commenced on July 26, 2010.[3]

Three hundred forty-four (344) days elapsed before Petitioner filed a Rule 3.850 motion on July 5, 2011, which tolled the limitations period until August 1, 2013, when the Florida Second District Court of Appeal issued the mandate affirming its denial.[4]  Another fifty-five (55) days of untolled time elapsed (for a total of 399 days) before Petitioner filed his federal habeas petition in this Court on September 25, 2013.  Consequently, Petitioner's federal petition is untimely.

### Equitable Tolling

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)).  Petitioner argues that he is entitled to equitable tolling of the AEDPA's limitations period because he was deprived of

---

[3]Petitioner incorrectly argues that his judgment of conviction was final on October 24, 2010, when the 90-day period within which to seek a writ of certiorari in the United States Supreme Court expired.  Since Petitioner did not undertake the direct appeal process, he is not entitled to the 90-day period for seeking certiorari review with the United States Supreme Court. *See Pugh v. Smith*, 465 F.3d 1295, 1298-99 (11th Cir. 2006) (a state prisoner is not entitled to seek certiorari review, and therefore not entitled to the 90-day grace period, when he fails to seek review in the highest court of the state in which direct review could be had).

[4]Respondent argues that the AEDPA's limitation period was not tolled between August 11, 2011, when the state circuit court struck the Rule 3.850 motion, but granted leave to amend two claims deemed facially insufficient, and August 29, 2011, the day on which Petitioner constructively filed his amended Rule 3.850 motion.  It is unnecessary for this Court to determine whether the AEDPA's limitations period was tolled from August 11, 2011, through August 29, 2011, because the instant petition is untimely even if the statute of limitations was tolled during that period.

his right to directly appeal his conviction .  Specifically, he appears to argue entitlement to equitable tolling because during the plea hearing the trial judge incorrectly advised him that there were no motions that could be appealed, and neither the trial court nor defense counsel advised him that he could preserve his right to appeal the denial of his motion to suppress, and that he could appeal his conviction if he proceeded to trial.

Petitioner is not entitled to equitable tolling of the limitations period because he has not  shown that "an extraordinary circumstance prevented him from timely exercising his right to file a [§ 2254 petition], as opposed to his right to file a direct appeal." *Lucas v. United States*, 522 Fed. Appx. 556, 559 (11th Cir. 2013) (unpublished) (citation omitted). Petitioner does not allege that either the state trial court or defense counsel provided any erroneous advice about Petitioner's right to file a § 2254 petition.  Even if the state trial court and defense counsel failed to correctly advise Petitioner about his right to directly appeal, Petitioner has not shown "a causal connection between the alleged extraordinary circumstance and the late filing of his [§ 2254 petition]." *Id*. (*citing San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011)).  Consequently Petitioner is not entitled to equitable tolling of the one-year limitations period.

ACCORDINGLY, it is **ORDERED** that:

1.      The petition for writ of habeas corpus is **DISMISSED** as time-barred (Dkt. 1).

2.      The **Clerk** shall terminate all pending motions and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO
## APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484. And, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on February 4, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner *pro se*
          Counsel of Record

F:\Docs\2013\13-cv-2505 dismissal.wpd